UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

FLORRETTA-AMY LEBEAU,         )
                              )
     Plaintiff,               )
                              )
v.                            )    No.   1:17-CV-33-CLC-SKL
                              )
LOUIS GARERT, UNKNOWN         )
FEDERAL TRANSPORT SERVICE,    )
COREY ABRAM, ZIMMERMAN, J.    )
JONES, GARCIA, CHRISTIAN COUNTY )
JAIL, BRADLEY COUNTY JAIL,    )
ELIZABETH PARKS, LT. PARKER,  )
and DEPUTY CAMPBELL,          )
                              )
     Defendants.              )

**MEMORANDUM & ORDER**

The Court is in receipt of a complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Florretta-Amy Lebeau (Doc. 1). The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action shall proceed to service.

**I.     SCREENING REQUIREMENT**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be

sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint concerns events that occurred during four separate periods and at four separate location: (1) her incarceration at the Dallas County Jail in Dallas, Texas; (2) her three-day transportation via bus from Texas to Kentucky; (3) her three-day incarceration in the Christian County Jail in Kentucky; and (4) her incarceration in the Bradley County Jail in Tennessee (Doc. 2). She has sued various individual and entities from all four locations, alleging that she was

deliberately beaten and injured without justification, wrongfully kept in isolation, and denied adequate medical care for Hepatitis C and HIV (*id.*).

### III.  OFFICIAL CAPACITY CLAIMS

Plaintiff has named Bradley County Jail officers Elizabeth Parks, Lt. Parker, and Deputy Campbell and officer Louis Garert from the Dallas County Jail as Defendants in this action both in their individual and official capacities.  She also names the officers present during transport, Corey Abram, Zimmerman, J. Jones, and Garcia in their individual and official capacities, along with Bradley County Jail and Christian County Jail.

A suit against a defendant in his or her official capacity is treated as an action against the governmental entity the officer represents. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *see, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem*, 953 F.2d 232, 237 (6th Cir. 1992). In an action against a state officer acting in an official capacity, "the plaintiff seeks damages not from the individual officer, but from the entity from which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).

Defendants Elizabeth Parks, Lt. Parker, and Campbell were all employees at the Bradley County Jail at all relevant times to the current action and Louis Garert was an officer of Dallas County Jail.  Therefore, Plaintiff's official capacity claims are brought against those Defendants in their official capacities as Bradley County and Dallas County employees.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.").  Thus, the Court construes the allegations against these Defendants in their official capacities as against Bradley County and Dallas County.

3

Both Bradley County and Dallas County are considered a "person" within the meaning of section 1983 and can be sued directly if it causes a constitutional violation through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Plaintiff must show that his alleged injury was caused by an unconstitutional policy or custom of the municipality. *See, Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). Liberally construing the complaint, Plaintiff has stated enough at this stage of litigation to allege that Bradley and Dallas County has an unconstitutional policy or custom regarding the treatment of inmates that has directly affected Plaintiff. Accordingly, the Clerk will be **DIRECTED** to **DISMISS** Defendants Elizabeth Parks, Lt. Parker, Campbell and Louis Garert in their official capacities and to **ADD** Bradley County and Dallas County as Defendants in this matter.

Further, Defendants Bradley County Jail and Christian County Jail are non-suable entities and will be **DISMISSED**. Jails are not legal entities to be sued under 42 U.S.C. § 1983; rather, it is merely a name assigned to the building which houses inmates. Defendants Bradley County Jail and Christian County Jail are not municipalities but buildings and, as such, are not a separate legal entity which can be sued. Therefore, Defendants Bradley County Jail and Christian County Jail are not "persons" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center,* 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail,* 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"). Accordingly, because Defendants Bradley County Jail and Christian County Jail are not suable entities, they will be **DISMISSED**.

Plaintiff has also named the "Unknown Federal Transport Service" as a Defendant, along with Officers Corey Abram, Zimmerman, J. Jones, and Garcia, who were all officers present during transporting Plaintiff to different facilities. The Court can reasonable infer that these officers are employees of the "Unknown Federal Transport Service", and thus, based on the law outline above, any claim against these Defendant officers in their official capacities is essentially against the "Unknown Federal Transport Service." However, unlike the Defendant officers listed above, Plaintiff failed to assert any unconstitutional policy or custom against the "Unknown Federal Transport Service." Nor can the Court liberally construe any facts provided in Plaintiff's complaint as a policy or custom of the "Unknown Federal Transport Service." Thus, Plaintiff failed to state a claim against Defendant the "Unknown Federal Transport Service" or Officers Corey Abram, Zimmerman, J. Jones, and Garcia in their official capacities. Accordingly, the "Unknown Federal Transport Service" will be **DISMISSED** as a Defendant in this matter, as will Officers Corey Abram, Zimmerman, J. Jones, and Garcia in their official capacities.

## IV. CONCLUSION

For the reasons set forth above:

1. Defendants Elizabeth Parks, Lt. Parker, Campbell, Louis Garert, Corey Abram, Zimmerman, J. Jones, and Garcia are **DISMISSED** as Defendants in their official capacities;

2. The Clerk is **DIRECTED** to add Bradley County and Dallas County as Defendants in this matter;

3. Defendants Bradley County Jail and Christian County Jail are non-suable entities and are **DISMISSED**;

4. The "Unknown Federal Transport Service" is **DISMISSED** as a Defendant in this matter:

5. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendant officers in their individual capacities, as well as Bradley County and Dallas County;

5

6. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty days of entry of this order;

7. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

8. Service on remaining Defendants shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

9. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packets, this action may be dismissed;

10. Defendants shall answer or otherwise respond to the complaint within twenty-one days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default for that Defendant; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**